DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Lucas County Court of Common Pleas. Finding that the trial court did not err in denying appellant's petition for postconviction relief, we affirm the decision of the trial court.
The facts giving rise to this appeal are as follows. On August 27, 1993, Robert Trexler and Andrea Heron were shot and killed outside of the Red and White Market on the corner of Prospect and Detroit Avenues in Toledo, Ohio. Appellant, Steven Redd, was charged with their murder. Following a jury trial, he was found guilty and sentenced to two life terms. On direct appeal, this court affirmed the convictions. State v.Redd (Mar. 29, 1996), Lucas App. No. L-94-330, unreported. Appellant's petition for postconviction relief was denied by the trial court on April 10, 2000. Appellant now appeals that decision setting forth the following assignments of error:
 "I. IT CONSTITUTED ERROR TO DENY THE PETITION FOR POST CONVICTION RELIEF ON THE BASIS OF RES JUDICATA.
 "II. IT CONSTITUTED ERROR TO DENY THE PETITION FOR POST CONVICTION RELIEF WITHOUT HOLDING AN EVIDENTIARY HEARING.
 "III. IT CONSTITUTED ERROR TO FIND THAT APPELLANT WAS NOT PREJUDICED BY HIS TRIAL COUNSEL'S CONDUCT WITHOUT CONDUCTING AN EVIDENTIARY HEARING."
In his first assignment of error, appellant contends that the court erred in denying his petition on the basis of res judicata.
R.C. 2953.21 provides for petitions to vacate or set aside sentence, also known as petitions for postconviction relief, and states in pertinent part:
 "(A) Any person convicted of a criminal offense or adjudged delinquent claiming that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a petition at any time in the court which imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file such supporting affidavit and other documentary evidence as will support his claim for relief."
It is well established that res judicata is a proper ground upon which to dismiss, without hearing, a R.C. 2953.21 petition. State v. Perry
(1967), 10 Ohio St.2d 175. See, also, State v. Cole (1982),2 Ohio St.3d 112. Specifically, the court in Perry, supra, held at paragraph nine of the syllabus:
 "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment."
The presentation of new, competent, relevant and material evidence dehors the record will defeat the application of res judicata. See State v.Smith (1985), 17 Ohio St.3d 98. However, the outside evidence must meet some threshold standard of cogency. State v. Coleman (Mar. 17, 1993), Hamilton App. No. C-900811, unreported. Additionally, the outside evidence must not be evidence that was in existence and available for use at the time of the trial and that could have been submitted at trial.Smith, supra.
In support of his petition for postconviction relief, appellant submitted the sworn affidavits of three individuals who claim appellant was with them, blocks away from the scene of the crime, at the very moment the state alleged that appellant participated in the murder of two people. Appellant contends that because these so-called alibi affidavits were not part of the original trial court record, they constitute "evidence dehors the record" which will defeat the application of resjudicata.
We disagree. Though not a part of the trial court record, the affidavits do not constitute "newly discovered evidence." The information contained in the affidavits, if true, is information that was available to appellant at the time of his trial. Accordingly, appellant's claim for postconviction relief is barred by the doctrine ofres judicata. Appellant's first assignment of error is found not well-taken.
In his second and third assignments of error, appellant contends he received ineffective assistance of trial counsel. Appellant contends, in both assignments of error, that his trial counsel was ineffective in that he failed to procure the testimony of certain alibi witnesses.
The doctrine of res judicata bars a claim of ineffective assistance of counsel when a defendant is represented by new counsel on direct appeal and the issue could have been determined without resort to evidence de hors the record. State v. Cole, supra.
In the present case, appellant was represented by new counsel on his direct appeal. As discussed above, the alibi evidence was not de hors the record because appellant had knowledge of it at the time of his trial. Accordingly, appellant's claims of ineffective assistance of counsel are barred by the doctrine of res judicata. Appellant's second and third assignments of error are found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Common Pleas Court is affirmed. Costs assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Peter M. Handwork, J. and Mark L. Pietrykowski, P.J. CONCUR.